**98–2267. In re Objection to Order of Bd. of Commrs. on the Unauthorized Practice of Law.** Reported at 83 Ohio St.3d 1476, 701 N.E.2d 382.

IT IS ORDERED by the court that the motion for reconsideration in this case be, and hereby is, denied.

## MISCELLANEOUS DISMISSALS

**98–1751. United States Fid. & Guar. Co. v. St. Elizabeth Med. Ctr.**

Montgomery App. No. 16518. This cause is pending before the court as an appeal from the Court of Appeals for Montgomery County. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**98–2697. Bratton v. Stores.**

Portage App. No. 98–P–0068. This cause is pending before the court as a discretionary appeal and a claimed appeal of right. In lieu of payment of the filing fee required by S.Ct.Prac.R. XV, appellant filed a statement in which she asserts that she is "unable to pay court costs." Appellant's statement is not confirmed by oath or affirmation. Furthermore, appellant's purported affidavit does not contain the jurat of a notary public or other official authorized to administer an oath or affirmation.

S.Ct.Prac.R. XV requires that the docket fee imposed by R.C. 2503.17 be paid before an appeal is docketed. Section 3 of the rule permits an affidavit of indigency to be filed in lieu of docket fees. The rule further provides that the court may review and determine the sufficiency of an affidavit at any stage in the proceeding.

Pursuant to S.Ct.Prac.R. XV(3), the court determines that, whereas appellant's statement is not confirmed by oath or affirmation and is not properly notarized, it does not meet the requirements of an affidavit of indigency under S.Ct.Prac.R. XV and therefore is not sufficient for waiver of the docket fee. Accordingly,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed.